Welcome to the Sixth Circuit. We have a modest docket this morning, so we'll begin with the first case, please. Good morning, Your Honors. Good morning. Courtney Morgan appearing on behalf of Anna Pina. The issue before the court this morning is whether or not the plaintiff who suffered a catastrophic burn injuries in a motor vehicle accident due to a defect in her 1999 Jeep should suffer the burden of the loss of her cause of action by application of the Indiana statute of repose, where the vehicle in question entered the stream of commerce in Michigan, not Indiana, and the only contacts of this case to Indiana are the traditional Lex Locus Delicti type of contacts, where both states have frankly abandoned Lex Locus Delicti as the relevant choice of law test. Our position rests on three grounds. First, that the facts of this case distinguish it from all the other previous cases that the statute of repose, and secondly, that if interest weighing does occur... Is that the question, counsel, whether Indiana has an interest? The legislation in each state controls this. It's the policy that comes from legislation that drives this. The idea of what interest exists happens in the legislative body, I suggest. What do you say? I agree with you, and I think that Michigan has clearly expressed its public policy to welcome such cases as this to the state of Michigan, and that public policy should be vindicated by this court. And I think that the question therefore turns on where did the vehicle enter the stream of commerce? That happened in the state of Michigan. It is the state of Michigan's law that should apply to this question as to the application of the statute of repose. What's your best case in favor of your position here? Because we have some Michigan cases that would do it otherwise. I understand that, and there are no Michigan cases that have discussed this particular issue. The Farrell case, which is the case that the defense cites, states as follows on page 94, Michigan is merely the forum state and situs of defendant's headquarters. That's their summary of the context that Michigan has. Therefore, I would argue that the vehicle did not enter the stream of commerce in Michigan, or the court would have so noted. In this case, however, it is clear that the vehicle did enter the stream of commerce in Michigan, and to pick up on your point, Judge Cook, both states have product liability acts, and both states find decisive significance in the question of what was the condition of the vehicle when it entered the stream of commerce, when it left the control of the manufacturer. That is the decisive question as to all issues of liability in a product liability case in both states. Why then is it not the decisive question as to whether or not a statute of repose would apply? It doesn't seem to me to make sense that everything else is going to be decided on that, but, well, we're going to make an exception over here for the statute of repose, and we're going to apply that because your client happened to live in Indiana, and that's where the accident happened. That, to me, is not a rational basis to apply that statute of repose. This court is looking at the standard fire case that you cite? Yes. And I think you cite it as the point of sale that drove the decision in that case, was it? The point of sale was not discussed in the case at all. Right. So I think you're trying to use it to say point of sale was important to the court's decision. Am I correct about that, counsel? Well, I would suggest that if no party advocated it, it was not, or I should say that the decision did not mention that fact one way or another. This court upheld the use of the statute of repose despite there not being the context with Michigan. Right. And I would therefore argue that it would seem to me that if the point of sale was in favor of the defendant in that case, they would have pointed it out. I had asked you the best case, and you just said that Farrell's not the best case. Is there one that from the Michigan Court of Appeals or Supreme Court that support your position, or are we just coming out on new law here? Well, I would say that on the discrete question of where the vehicle enters the stream of commerce and whether or not that is a decisive issue, there is no case. I would say, however, that there are several cases from the Michigan Supreme Court that deal with statutory construction and furthermore dealing with the subject matter of choice of law. And I would point out that Farrell itself cites one of those cases. It is the case of Sweeney v. Sweeney, a Michigan Supreme Court case found at 402 Michigan 234. That case dealt with intra-family immunity and the differences between the state of Ohio and the state of Michigan with respect to that subject matter. Michigan permitting lawsuits between family members in Ohio denying same. And the Michigan Supreme Court stated that automatic this was the first case in Michigan that departed from lex locust to licti. That was the issue there. It was a choice of law question. You would concede, counsel, that the usual approach is where the injury is sustained, is where the appropriate court and the appropriate law, as opposed to where the defective, so we'll assume defective item was manufactured or sold. And in this case, it's Indiana. I would not concede that because what you're simply saying to me with all due respect is that, well, that's lex locust to licti. Neither state follows that policy. They haven't for a long time. So I would disagree and I would suggest that the important question... If the statute hadn't lapsed, your client would be filing in the home state, correct? I wouldn't necessarily say that because the vehicle entered the stream of commerce in Michigan and... Where do you practice? Pardon? Where do you practice? I practice in Michigan. But the client lives in Indiana. At the time of the accident, that's true. I don't believe that's any longer the case, but that was true at the time of the accident. Proceed, counsel. Thank you. I would also like to spend some time speaking with you this morning regarding the statute of repose. I mean the borrowing statute, I'm sorry. The Michigan borrowing statute. I'm not sure that the borrowing statute governs to exclude an analysis of the varying interests. I think that the borrowing statute is an expression of the choice of law analysis by the Michigan legislature and therefore displaces the common law, yes. Does it talk about a statute of repose? There were two versions. There was an original version in 1963 that said whatever period of limitation bars the claim is the period of limitation that applies. Then in 1978, the Michigan legislature substantially rewrote the statute and explicitly said that foreign cases may be brought in the state of Michigan by foreign plaintiffs, but if you do that the shorter of the statutes of limitation will apply and you must comply with that. It doesn't say anything about a statute of repose? It does not say anything about a statute of repose, but the prior statute saying period of limitation would clearly encompass a statute of repose, whereas the amendment stating merely statute of limitations clearly does not encompass a statute of repose and that is a difference with some significance. It is a difference with some significance, but my memory of your opponent's briefing is that there were citations to a number of cases that said it does not, even if you look at the borrowing statute, an analysis under the borrowing statute does not foreclose or does not substitute for a balancing of the interest of the two states involved. Do you have a case that would suggest that the borrowing statute can take the place of an analysis or balancing of the interest of the two states? Again, I don't think that there's been any case that has so decided and I would suggest as well that with respect to the choice of law analysis cases that I've seen in the Michigan courts, when presented with an opportunity to think about it. As a matter of fact, the Hall case specifically said we're not going to touch upon the defendant's argument regarding the borrowing statute here and there was an opinion, a concurring and partly dissenting opinion in that matter in which the judge said, well I would actually rule that the borrowing statute does foreclose this issue because it does not mention the statute of repose. Certainly the cases in the Michigan Supreme Court are legion that you should read the statute as written and therein lies the policy of the statute or the policy of the state of Michigan. Michigan strictly adheres to the strict textualist approach to statutory interpretation and therefore so should this court. Would not this court be trying to answer the question about what is Michigan's interest in affording an Indiana resident rights that Indiana would deny? Right? This claim can't be brought in Indiana by this Indiana resident. Well again, only if the Indiana court would apply Indiana law, which they may or may not do. Well my question presupposes that the forum state would apply its own law. Well it isn't the forum in my case, in my scenario, but okay. But we do have to adopt that don't we? Only with the, I see, your answer is with the caveat that we assume the obvious. Yes. Alright counsel. I've run out of time. You've saved some time I assume. Yes I have. Thank you. Mr. Seaforth. Thank you your honor. I know the court has read the cases so I'll be as brief as possible. May it please the court my name is Patrick Seaforth. I represent Fiat Chrysler Automobiles in the briefing. It's described as Chrysler Group. There was a name change and we provided notice of that. Respectfully what your honor noted is in fact the case with regard to how Michigan would generally treat a case like this. This court described that in the standard fire case noting a homestead that quote Michigan courts in cases like Hampshire in which the plaintiff was not a resident but brought sued in Michigan presumably asserting jurisdiction over the defendant on the basis of defendant's context with Michigan have generally applied lex loci delecta. And that is in fact what the general rule is as the court is aware. Federal courts sitting in diversity must apply the choice of law principle from the state where the federal court sits. And in this case the review is the Supreme Court cases, the seminal ones are Olmstead and Sutherland as well as any Michigan Court of Appeals cases that are on point. And if you look the court as it has closely at Judge O'Meara's opinion that really is precisely what the lower court did. It described faithfully the standard as set forth in the Michigan Supreme Court cases, Olmstead and Sutherland, and noted about the interest of the foreign jurisdiction. Now in those two cases the Supreme Court never reached the balancing because there was no interest in the foreign state. But the Michigan Court of Appeals has reached this issue on multiple occasions and that was noted by Judge O'Meara. Specifically there were three cases. Hampshire, which was a case from the Michigan Court of Appeals in 1986 involving a California plaintiff, involving a California accident in a suit brought in Michigan. California law was applied. In Farrell in 1993 a North Carolina resident sued in Michigan despite the fact that the accident was in Michigan. So that's the way they described the analysis as set forth in Michigan choice of law. We understand. Councils found a method by which if courts would approve it that his client could find some relief beyond the Indiana statute. In the motion to dismiss, I'm interested in this, in granting the motion to dismiss, it seems possible that the district court relied on matters beyond the four corners of the complaint. What do you say to that, Council? Well, respectfully, in his opinion, the district court does not note matters beyond the four corners of the complaint. The court notes, like in standard fire, that the vehicle was, the owner was a resident of Indiana and it was insured in Indiana and the accident was in Indiana. This court goes beyond standard fire in that, and this is set forth in the complaint at paragraph 25, this vehicle was purchased in Indiana. Now, we did discuss the fact that there are four plants in Indiana that are set forth. You would tell the court that Judge O'Meara restricted himself to the allegations of the complaint in determining to dismiss? I believe that is true, Your Honor. I also believe, however, though, that this court under 201 can and should take judicial notice of the fact that there are four plants in Indiana. In a plaintiff's brief at 39, he acknowledges that Chrysler operates four assembly plants in Indiana. And so the facts of this case go well beyond the standard fire case. And one thing that is critical that is not noted by plaintiff appellant is that he describes that the stream of commerce and where the vehicle entered is dispositive. Well, the first page of the opinion set forth by this court in standard fire talks about an original purchaser of the vehicle. So I went back and looked at Judge Friedman's opinion in that case, and it states that the vehicle quote, was sold to the original purchaser in Michigan. So in the standard fire case, we have the exact scenario that plaintiff's counsel says is where the question turns. In the briefing, plaintiff's counsel says that it's inappropriate to engage in the balancing analysis when the vehicle enters in the state of Michigan, and yet this court noted that there was an original purchaser, and Judge Friedman stated, just like Judge O'Meara here, that that was in the state of Michigan, and it was of no moment. And if the court looks closely at Olmstead and the underlying principles set forth in Michigan jurisprudence, it makes perfect sense. And the reason is because it's just not relevant. In Olmstead, there was an incident involving a Minnesota plaintiff where the accident happened in Wisconsin, and then the case brought in Michigan. And the court made it very clear that Wisconsin didn't have an interest in it because there was nobody that was a party in Wisconsin. And I submit to your honors that the same would be true here. The court noted in this case that the vehicle was purchased in Michigan, but like in Olmstead and in standard fire, it's simply not something that goes into any kind of balancing that would outweigh. I don't understand why that wouldn't go into the balancing, because when you look at Farrell, it cites disaster at Detroit Metro Airport. And effectively what it says is that the state's interest in a statute of repose is about inducing companies to do business in the state. I mean, would you agree that that's pretty well the holding of the Detroit Metropolitan or Metro Airport case? Inducing business is certainly the premise. Inducing businesses. And then I'm looking at, I find this balancing of interests a difficult thing to do because the presumption could always underlie these cases that you want to go to the state where there is a statute of repose because that, in the end, benefits the business and might draw them to your state. But the real question is, how does that What interest is furthered for Chrysler if it had nothing to do with this car ending up in Indiana? I mean, that's just happenstance. So what interest does it have that would be benefited by saying, oh, just because this car ended up there without any action on the part of this corporate entity, that furthers its interest? Well, thank you, Your Honor. And I think that is very much on point because this gets at the only case that is different than the ones where Standard Fire came out, which is the Maine case, or M-A-H-N-E, an earlier case by this court. And the issue that that case turned on was precisely what Your Honor is describing. In Maine, the court applied the Olmstead Doctrine and stopped, basically, because it said that under Florida's public policy, that policy was to benefit Florida manufacturers only. And so there is no interest in having the Florida state jurisdiction apply no more balancing. This is 180 compared to the facts of this case. The Indiana Supreme Court has made it very clear in direct response to Your Honor's question about the interest in a company like Chrysler with regard to the statute of repose. And specifically, the court in McIntosh, and it's stated in our brief, states that, quote, the statute provides certainty and finality with a bright-lined bar to liability ten years after a product's first use. Wouldn't that argument apply anywhere, all the time, period? If that's the basis of your argument, what do the facts of the case matter? And it seems to me that if you're balancing interests, you've got to be looking at the facts of the case, and that's why I'm struggling with the idea of whether the facts of this case would impact the decisions of Chrysler. And I'm not, you need to explain to me why it would when the car is in Indiana by mere happenstance. If Chrysler had built the car in Indiana and wanted to stay in Indiana, then I could understand, or had originally had it at an Indiana Chrysler dealer, then you could say, oh, well, we want Chrysler to stay and they have chosen to do this and we want to induce them to continue to do business. But if they just have built the car there by pure happenstance, what is the connection, other than the generic connection that we're business friendly, what is the connection in this case that would make you have, that would make Chrysler have an interest that fits within Indiana's policy? Thank you. And that really is the test. And respectfully, the decision making of Chrysler, I mean, first of all, Chrysler didn't manufacture this car, this car was manufactured by Olco, assets were purchased, and years later now... Cut to the chase. I'm sorry? Cut to the chase. Sure. It's the balancing of the interests, though, Your Honor, and it's the fairness and the interest of looking at the state courts, the two competing jurisdictions. And Indiana has an interest, respectfully, in applying Indiana law with regard to Indiana residents that are injured in Indiana involving foreign manufacturers. And I cited, and this goes to Judge Cook's point, if this case were in Indiana, the Land v. Yamaha case would make it very clear that Indiana statute of repose is afforded to that manufacturer. In that case, it was a Japanese manufacturer that was afforded the statute of repose. So the interest, respectfully, of having certainty and knowledge about when and where you can and will be sued is extraordinary, especially in a state where you have facts that go beyond standard fire in terms of Chrysler's involvement. And Chrysler has four plants in Indiana. And customers certainly are benefited with the statute of repose in Indiana because it ultimately lowers cost, it lowers product liability insurance, and that's noted by feral and standard fire. So I think there are significant interests that are involved... That overcome Michigan's interest and determination that there should not be a statute of repose. Because the beginning of this test is, we're in If it has an interest, and if it has an interest, then we have to balance them. Is that correct? That's correct, Your Honor. So is there any occasion where you have business litigation that the event occurred in Indiana that your argument would not apply to make certain that the law that's applied is Indiana? I mean, isn't your argument completely overarching? Well, I certainly hope not, and I certainly believe under these facts that Indiana, as the Court noted below, in weighing the balancing of the interest clearly outweighs its interest with regard to Michigan law. I suppose, depending upon the parties and other factors, that there could be a result. I don't believe there's a hard and fast rule. In fact, I think Olmstead teaches the opposite. The only vehicle from which a plaintiff would have to pose to this Court to allow the Court to do that, which would be to sub salientio overrule the standard fire case under these facts, is the borrowing statute, which is this unique discussion where a statute that does not mention the statute of repose has been considered by every Michigan Court and this Court with regard to any analysis vis-a-vis the choice of law, that this Court should somehow write into that statute that the statute of repose is somehow affirmatively and decidedly applicable or not applicable in Michigan. And I respectfully say that the Court, it is clear, ought not to do that. Silence should not be read in that interpretation. It's just like the silence about where the vehicle entered into the stream of commerce. It doesn't apply. Any case from Michigan supported Mr. Morgan's position on that borrowing statute? No, Your Honor, and the cases go against it. In fact, we cited Beckel v. Mays, which is a Michigan Court of Appeals case at 198 Michigan Ave, 691. There was a discussion about Olmstead presented in that case. The Court rejected that instead in stating that, quote, Michigan's borrowing statute is specifically designed to resolve questions regarding the applicable statutes of limitations. And there's nothing to do with that. And if you go back into the history, that's what is premised on this argument. The Smith case lays out the history of the borrowing statute and the changes to it. The changes were done to allow a special allowance for Michigan plaintiffs who were being unfairly penalized and barred because they were getting the lower of the statute of limitations. So in 1978, there was a change made that allowed that to go forward. Nothing to do with statute of repose, Your Honor. So for those reasons, we respectfully submit, Your Honors, that this Court should affirm the well-thought-out and applied reasoning of Judge O'Mara in his decision in this case. Thank you, Your Honors. Thank you. Mr. Morgan. Yes, thank you. During his argument, counsel said that in fairness, it is fairness that allows the application of the statute of repose to Chrysler because, as Judge Strach said, there was a fortuity that the accident happened in Indiana that Chrysler had nothing to do with. They are getting a windfall here, and they say that's fair. I would suggest that, and I cite again from the Sweeney v. Sweeney case, which is the first case in Michigan that departed from Lex Locus. You'll find the quote on page 86 of the Farrell decision. They say, automatic application of Lex Locus delicti. Actually, the case would be stale, the claim would be stale in Michigan, too, wouldn't it? I realize without a statute of repose, you'd still have somewhat of an uphill battle, wouldn't you? I don't think so at all because the issue isn't the condition of the vehicle in terms of wear and tear. The problem with this vehicle is the gas tank hangs down significantly below the rear bumper. It's sitting there like a big red apple saying, come get me. When you get hit in the rear, particularly by a low-slung vehicle, there's nothing protecting the tank. You think the liability is strong if you were able to get the claim heard. I get that. But this is, we have to get past, for your client to prevail, your client has to first bring the claim in a state where, I mean, she's brought the claim where there's no statute of repose that forecloses her completely. This would be a discovery rule matter, right? Absolutely not. Not a discovery rule matter at all. We filed this lawsuit within the Indiana statute of limitations. So there's absolutely no discovery rule whatsoever. But to get back to Sweeney. Tell us how you respond to the fact that Standard had a car that was initiated in Michigan or came into the stream of commerce. My memory is one of the other cases, it may be Farrell, I'm not sure, footnotes somewhere in the case that the car entered the stream of commerce. It's clearly not Farrell because there's a footnote in Farrell that does not mention that whatsoever. I thought it was, well, let's say it's just Standard then. How can you get where you need to go if the concept that it's already, has already been addressed, that the car entered the stream of commerce in Michigan and that's been held not to be good enough? Well, I don't find any analysis to that effect in Standard Fire at all. So you think it's silence? There's no discussion of it whatsoever. Okay, so the silence you think is enough to leave open? I do, and particularly, but it's more than silence because not only do you have the Michigan... You don't quarrel with the Fire case. I certainly trust Brother Counsel's statement to the court. If he went back and found it, then he went back and found it. I'm not quarreling. The court looked at it too. Assuming that... Well, there's no discussion. So Judge Stranch's point is that you're relying on the absence of a discussion about that. Yes, but if I may be allowed a moment to make my final point, because I've been trying to get it out on this Sweeney case and questions keep coming and I appreciate them, I love it. The court said, Michigan Supreme Court, automatic application of Lex Locust Delicti in this daughter against father suit would frustrate an announced Michigan public policy. And I would say the same is true in this case. Michigan has a product liability statute enacted in 1995 that gave a whole bunch of industry friendly goodies. Caps on damages, absolute liability in drug cases, a high standard, a high burden and so forth, but no statute of repose. And you know those manufacturers were in Lansing asking for a statute of repose and they didn't get it. But they're asking you for it. Thank you for your argument. Thank you. We will consider your case carefully. We'll issue an opinion in due course. Thank you.